[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 25, 1989, the Commissioner of Transportation, having found it necessary to acquire premises known as 402 Main Street in the Oakville section of Watertown for the purpose of changes in Connecticut Route 73, filed with the Clerk of this court a certificate of taking, and he deposited with the clerk $265,000. The plaintiff had been the owner of the property and he CT Page 2631 appealed from the assessment of damages claiming it to be inadequate.
The subject property is an irregularly shaped parcel containing just under one-third of an acre. It is at the intersection of Route 73, Main Street, and Riverside Street. The corner location does increase its visibility, but access from Riverside Street is hindered by Steele Brook. It is improved by a1-1/2 story frame structure and the available land is paved for parking. The first floor contained a cafe and most of the second floor was residential with a portion being used by a disc jockey. The structure is about 120 years old. It was acquired by the plaintiff in 1982 for $135,000 and during his ownership he made improvements and renovations of about $75,000. The town assessor carried the premises on the Grand List at $46,770.
Philip W. Ball testified as an appraiser for the plaintiff and using comparative sales approach, he concluded that the value of the premises was $350,000. He based this conclusion on a square footage of 4,343 at $80 a foot. He determined the area using a prism and verified that from an entry on the assessors card.
Arthur P. Oles testified as an appraiser for the defendant and using comparative sales approach, he concluded that the value of the premises was $265,000. He based this conclusion on a square footage of 3,770 at just over $70 a foot. He determined the area by measurements with a tape. Not only do I regard tape measurements as more accurate, but also an improvement made by the plaintiff was to arrange for a cathedral ceiling over a portion of the cafe which would necessarily reduce the square footage of the second floor and this was not reflected on the assessor's card.
There was also an appraisal made for the Commissioner by Walter J. Kloss and although he did not testify, his report was submitted. Again, using the comparative sales approach, he concluded that the value of the premises was $270,000.
The plaintiff testified that in his opinion the premises were worth $425,000. As an owner, he is competent to express an opinion as to value.
Both sides waived a view. It was stated that the structure was boarded up and the condition of the interior, even if we could get to it, was unknown. Nevertheless, I announced in open court that although I had never been inside it, I was generally familiar with it having frequently driven by it and I would take that familiarity into consideration.
Taking into consideration that familiarity, the evidence, the CT Page 2632 appraisal reports and other relevant factors, I conclude that the fair market value of the premises at the time of taking was $285,000.
Mr. Ball's fee for preparing his appraisal was $800 which I find to be fair and reasonable. He also had a fee for testifying, but as this action is brought pursuant to Connecticut General Statutes Section 13a-7b, I cannot allow a fee for testimony.
Judgment may enter for the plaintiff in the amount of $285,000 less the $265,000 already paid or $20,000, plus statutory interest from October 25, 1989 plus an appraisal fee of $800, costs to be taxed.
J. HEALEY, STR